By the Court.—Allen, J.
The class of orders •appealable to this court was enlarged by the amendment of section 11 of the Code, in 1870. By subdivision 4 of that section, as then amended, an appeal was given in' an order affecting a substantial right not involving any question of discretion arising upon any interlocutory proceeding, or upon any question of practice in the action.
The right of a trial, in the mode and by the tribunal *35 prescribed by law, is a substantial right, and it does not rest in the discretion of the court to deprive a party of that right, or to compel him to submit to the trial of an action, except in the manner and in the forum authorized by law. The law only authorizes a compulsory reference of a single class of cases, viz: those actions in which the trial of an issue of facts will require the examination of a long account; and when not referable under the statute, they must be tried either by a jury or by the court, unless the parties assent to some other form of trial (Code of Pro., §§ 253, 254, 270, 271).
The Constitution secures to parties a trial by jury in certain cases, and neither the court nor the legislature can deprive them of that right (Const., Art. 1, § 2 ; Townsend v. Hendrickson, recently decided by this court); and no action can be referred for trial without the consent of the parties, except as authorized by statute.
This action is upon contract, and belongs to that class which may be referred, if within the terms of the statute;. and the trial will require the examination of a long account “upon either side.” If there was evidence upon which the court below could have decided that the trial would involve such examination, this court would not review the decision ; that is, it would not sit in judgment upon a question of fact, passed upon by the court below, upon competent evidence fairly calling for the exercise of the judgment of that court. But there is no evidence bringing this case within the statute, or showing that the trial can involve the examination of a long account “upon either side.”
The plaintiff in his affidavit states generally, that the trial “ will require the examination of a long account, involving very numerous items of charges and credits, amounting to many thousand dollars, and extending over several years,” but does not state how or why this is so, and this statement is very circumstantially *36 and fully denied in the affidavit of the defendants. A reference to the pleadings discloses the fact that the claim of the plaintiff is upon a written contract, and for the recovery of a single and specified sum of money; that is, the plaintiff’s claim consists of a single item.
The defendants do not allege or set up any counterclaim, or any defense, resting upon or calling for the examination of an account between the parties to the action. As new matter, there is set up by way of defense, a single transaction, viz: an agreement between the plaintiff’s assignor, with the knowledge and assent of the plaintiff, and the Knoxville & Kentucky Railroad Co., which, it is claimed, exempts the defendants from their liability upon the alleged contract, which is the foundation of the action. In other words, a new agreement is alleged in bar of the action, and the defense, if it can be sustained, rests upon the alleged agreement, and although it was suggested, it is not easy to see how the examination of the accounts and dealings between Powell, Green & Co. and the railroad company, if there are such accounts, can be material or relevant to the issue made by the answer.
The case shows that under the pleadings there are no long accounts between the parties to be examined, and it is not shown that there are long accounts between other parties, the examination of which can be at all pertinent to any issue in the action. As the accounts which it is suggested may be involved are not between the parties to the action, and not the immediate object of the suit or ground of defense, the moving party should, in any event, have shown how, and in what way, the examination of them will become necessary upon the trial. But the statute does not authorize a compulsory reference when the accounts will arise and come in question collaterally. They must be the immediate object of the suit or the ground of the defense, that is, directly, and not collaterally or incidentally in *37 volved (Code, § 271; Laws of 1801, ch. 90, § 2; 1 K. & R., 347 ; Todd v. Hobson, 3 Johns. Cas., 517).
The order must be reversed and the motion for a reference denied, with costs.
Grover and Peckham, JJ., dissented.
Order reversed and motion denied, with costs.